UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FREDRICK S., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 3:18-CV-05272-DWC <br><br> ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he did not properly account for Plaintiff's moderate limitation in interacting with others. Had the ALJ properly considered the moderate limitation, the residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is therefore not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

# FACTUAL AND PROCEDURAL HISTORY

On July 18, 2016, Plaintiff filed an application for DIB, alleging disability as of June 1, 2016. Administrative Record ("AR") 15. The application was denied upon initial administrative review and on reconsideration. AR 15. A hearing was held before ALJ Andrew Grace on July 6, 2017. AR 15. In a decision dated October 4, 2017, the ALJ determined Plaintiff to be not disabled. AR 15-26. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-6; 20 C.F.R. § 404.981, § 416.1481.

Plaintiff argues the ALJ erred by: (1) providing legally insufficient reasons to reject the opinions of two non-examining physicians; (2) concluding the occupation of gate guard represented a sufficient range of work to satisfy the transferrable skills requirement at Step Five; (3) providing legally insufficient reasons to reject lay testimony from Plaintiff's wife; (4) providing legally insufficient reasons to reject Plaintiff's subjective claims; and (5) making Step Five findings that were unsupported by substantial evidence. Dkt. 11, pp. 5-12. As a result of these errors, Plaintiff argues an award of benefits is appropriate. *Id.* at p. 2.

# STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

# DISCUSSION

**I.  Whether the ALJ provided sufficient reasons to reject the opinions of Dr. Beaty and Dr. Clifford.**

Plaintiff argues the ALJ did not provide sufficient reasons to reject the opinions of two non-examining physicians, Dr. Edward Beaty, Ph.D., and Dr. Thomas Clifford, Ph.D. Dkt. 11, pp. 5-7.

The "opinion of a non-examining medical expert . . . may constitute substantial evidence when it is consistent with other independent evidence in the record." *Tonapetyan*, 242 F.3d at 1149 (citing *Magallanes*, 881 F.2d at 752). The ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (*citing Gomez v. Chater*, 74 F.3d 967, 972 (9th Cir. 1996)); *see also Van Nguyen*, 100 F.3d at 1466 ("In order to discount the opinion of an examining physician in favor of the opinion of a nonexamining medical advisor, the ALJ must set forth specific, *legitimate* reasons that are supported by substantial evidence in the record.") (emphasis in original) (citing *Lester*, 81 F.3d at 831). A physician's "non-imperative recommendations need not be incorporated into an RFC assessment, which describes *the most* a claimant can do despite limitations." *Dahl v. Colvin*, No. C13-385 MJP, 2013 WL 5738913, at *3 (W.D. Wash. Oct. 21, 2013); *see also Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) (stating ALJ need not rely on doctor's recommendation). However, all of the determinative findings by the ALJ must be supported by substantial evidence. *See Bayliss*, 427 F.3d at 1214 n.1 (*citing Tidwell*, 161 F.3d at 601); *see also Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) ("Substantial evidence" is more than a scintilla, less than a preponderance, and is such "relevant evidence as a reasonable mind might accept as adequate to support a conclusion").

Dr. Beaty reviewed Plaintiff's records on October 25, 2016. AR 89-103. In relevant part, Dr. Beaty opined Plaintiff was moderately limited in his ability to interact appropriately with the

general public.[1] AR 100. Dr. Beaty stated Plaintiff "does report some anger issues so he would do best in [a] position with limited public contact." AR 100.

Dr. Clifford reviewed Plaintiff's records and Dr. Beaty's report on November 22, 2016. AR 104-118. Dr. Clifford likewise opined, in relevant part, that Plaintiff was moderately limited in his ability to interact appropriately with the general public and "would do best in [a] position with limited public contact." AR 115.

At Step Two, the ALJ addressed whether Plaintiff's impairments were severe. AR 19-21. As part of the listing of Plaintiff's impairments, the ALJ stated:

> In understanding, remembering, or applying information, the claimant has a mild limitation. In interacting with others, the claimant has a moderate limitation. With regard to concentrating, persisting, or maintaining pace, the claimant has a moderate limitation. As for adapting or managing oneself, the claimant has experienced a mild limitation.

AR 20.

The ALJ then discussed Plaintiff's symptoms of depression and PTSD. AR 20. He stated that mental status exams "generally note normal cognitive functioning." AR 20. He also stated:

> Yet, the claimant continued to report[] that symptoms of PTSD, in particular anger, irritability, insomnia, and nightmares, interfered with his ability to be around other people. Therefore, moderate limitations in the area of interacting with others is appropriate. Likewise, his symptoms consistently interfere with concentration, persistence, and pace to a moderate degree.

AR 20.

At Step Three, the ALJ addressed how Plaintiff's mental impairments affected the RFC analysis. AR 23. The ALJ noted Drs. Beaty and Clifford opined Plaintiff "would do best in a position with limited public contact." AR 23. The ALJ also noted Drs. Beaty and Clifford "opined that [Plaintiff] has moderate limitations in performing activities of daily

---

[1] Drs. Beaty and Clifford opined Plaintiff also had moderate limitations in other areas. However, Plaintiff challenges the ALJ's rejection of the medical opinion evidence only as to the moderate limitation in interacting with others.

living, maintaining social functioning, and maintaining concentration, persistence, or pace." AR 23. The ALJ gave partial weight to the opinions of Drs. Beaty and Clifford, stating that "records submitted after their review and assessments support a greater degree of limitation." AR 23. The ALJ further stated:

> Dr. Beaty and Dr. Clifford opined that the claimant has moderate limitations in all functional areas; however, this is unsupported by the record, particularly in light of the claimant's success in school after discharge from the military. As such, the undersigned finds, as noted above, that mild limitation in the area of understanding, remembering and applying information is appropriate.

AR 23.

It is unclear whether the ALJ intended to reject Dr. Beaty's and Dr. Clifford's opinion that Plaintiff has a moderate limitation in interacting with others. The ALJ rejected Dr. Beaty's and Dr. Clifford's opinion that Plaintiff has moderate limitations in all functional areas, but he did not explain whether this rejection meant the ALJ believed Plaintiff has moderate limitations in only some areas or in no areas. Regardless, the ALJ's decision was unsupported by substantial evidence in the record.

To the extent the ALJ intended to reject all moderate limitations, he erred in not pointing to specific evidence in the record that contradicted Dr. Beaty's and Dr. Clifford's opinions. The ALJ noted Plaintiff succeeded in school after discharge from the military, but this reasoning is conclusory. An ALJ cannot reject a physician's opinion in a vague or conclusory manner; rather, the ALJ "must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Embrey*, 849 F.2d at 421. The ALJ does not explain how Plaintiff's success in school means he does not have a moderate limitation in interacting with others, especially given Plaintiff's testimony that he took at least one class online and often left class early. AR 47, 62. Therefore, if the ALJ intended to reject all moderate limitations, he did not provide legally sufficient reasons.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 5

1 | Alternatively, the ALJ may have intended only to reject a moderate limitation in the area
2 | of understanding, remembering and applying information but accept the physicians' opinions
3 | that Plaintiff had moderate limitations in other areas. This interpretation of the ALJ's Step Three
4 | statements aligns with his findings at Step Two that Plaintiff has a moderate limitation in
5 | interacting with others. AR 20. Additionally, the ALJ's reasoning—that Plaintiff has succeeded
6 | in school—is more directly related to the ability to understand, remember, and apply information
7 | than to any other functional area. Thus, the ALJ may have intended to reject only a moderate
8 | limitation in understanding, remembering, and applying information, but accept the other
9 | limitations from Dr. Beaty's and Dr. Clifford's opinions. In that case, the ALJ should have
10 | included a limitation in the RFC reflecting the moderate limitation of interacting with others.

11 | Defendant argues the ALJ did not need to take into account Dr. Beaty's and Dr.
12 | Clifford's statement that Plaintiff would do best in a position with limited public contact because
13 | it was a recommendation rather than an imperative. Dkt. 16, pp. 7-9. However, as noted, Drs.
14 | Beaty and Clifford also opined Plaintiff has a moderate limitation in interacting with others,
15 | which was not merely a recommendation. AR 100, 115. Accordingly, on its own, the
16 | recommendation that Plaintiff would do best in a position with limited public contact was not a
17 | medical opinion the ALJ needed to address. However, Dr. Beaty's and Dr. Clifford's statement
18 | that Plaintiff had a moderate limitation is a medical opinion not couched in recommending
19 | language. Thus, the ALJ needed to provide reasons supported by substantial evidence if he
20 | rejected the moderate limitation.

21 | However, it is unclear whether the ALJ rejected the moderate limitation in interacting
22 | with others. In the RFC, the ALJ concluded Plaintiff could have frequent contact with the public
23 | and co-workers. AR 21. It is unclear whether this assessment includes a moderate limitation in

interacting with others, especially given the ALJ's statement that records submitted after Dr. Beaty's and Dr. Clifford's reviews support a greater degree of limitation. AR 23. Thus, the Court cannot determine whether the ALJ intended to include the moderate limitation in the RFC or simply ignore the limitation.

Additionally, to the extent the ALJ did not intend to reject the moderate limitation, he did not explain how the RFC, which allowed for frequent interaction with the public, incorporates the limitation for interacting with others. The Court notes a moderate limitation in interacting with others would likely preclude frequent interaction with the public or co-workers. *See Burkett v. Colvin*, No. 3:12-CV-05899-RBL, 2013 WL 6632121, at *4 (W.D. Wash. Dec. 17, 2013) (stating RFC that allowed frequent social interaction did not sufficiently address moderate limitation in the ability to respond appropriately to and tolerate the pressure and expectations of a normal work setting). Because it is unclear whether the ALJ accounted for Dr. Beaty's and Dr. Clifford's opinion that Plaintiff has a moderate limitation in interaction with others, the Court cannot find the ALJ's conclusion was supported by substantial evidence. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings."); *Provencio v. Astrue*, 2012 WL 2344072, *9 (D. Ariz., June 20, 2012) (finding the ALJ erred by giving "great weight" to a consultative examiner's opinion, yet ignoring parts of the opinion). Accordingly, the Court finds the ALJ erred.

Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115. The Ninth

Circuit has stated "'a reviewing court cannot consider an error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout*, 454 F.3d at 1055-56). The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)).

Here, had the ALJ properly considered Dr. Beaty's and Dr. Clifford's opinion that Plaintiff has a moderate limitation in interacting with others, the RFC may have included additional limitations. For example, the vocational expert ("VE") testified that allowing for only occasional rather than frequent public contact would reduce the number of jobs for the gate guard position to around 13,364 nationally. AR 85. Plaintiff argues 13,364 is not a significant number of jobs nationally, as required for a finding of non-disability. The Ninth Circuit has not set a bright-line minimum for a significant number of jobs, but it has stated that 25,000 national jobs, while significant, is a "close call." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 527 (9th Cir. 2014). Additionally, the Western District of Washington has stated that 19,900 jobs is a significant number in the national economy but 14,175 is not. *Compare Nance v. Berryhill*, 2018 WL 3868850, at *9 (W.D. Wash. Aug. 14, 2018) *with Wood v. Berryhill*, 2017 WL 6419313, at *4 (W.D. Wash. Nov. 17, 2017).

Here, Defendant does not argue that 13,364 jobs nationally is a significant number of jobs. *See* Dkt. 16, pp. 12-14. Had the ALJ concluded 13,364 did not represent a significant number of jobs, the ultimate disability decision may have changed with proper consideration of the

moderate limitation. Therefore, the ALJ's error is not harmless and requires reversal. *See Molina*, 674 F.3d at 1115. On remand, the ALJ is directed to reassess the moderate limitation in interacting with others.

**II. Whether the occupation of gate guard represented a sufficient range of work to satisfy the transferrable skills requirement at Step Five.**

Plaintiff also argues the gate guard position did not represent a sufficient range of work for the Step Five analysis. Dkt. 11, pp. 7-8. The Court has determined the ALJ committed harmful error with regard to Plaintiff's moderate limitation in interacting with others. *See* Section I, *supra*. Because this error impacts which jobs the ALJ includes in the RFC analysis, the ALJ must reconsider whether a gate guard position satisfies the RFC requirements. Thus, it is unnecessary for the Court to address Plaintiff's argument that the position does not represent a sufficient range of work.

**III. Whether the ALJ provided sufficient reasons to reject testimony from Plaintiff and Plaintiff's wife.**

Plaintiff further alleges the ALJ provided legally insufficient reasons to discount Plaintiff's testimony and the lay witness testimony from Plaintiff's wife. Dkt. 11, pp. 8-12. The Court concluded the ALJ committed harmful error in his assessment of the medical opinion evidence. *See* Section I, *supra*. Because the ALJ's reconsideration of the medical opinion evidence may impact his assessment of Plaintiff's subjective symptom testimony and the lay witness testimony, the ALJ must reconsider this evidence on remand.

However, the Court notes that, while the ALJ provided reasons to discount some of Plaintiff's reports of symptoms and limitations, he did not address Plaintiff's reports that his migraines occur two or three times a week and often cause him to miss class. *See* AR 22-23, 57. Plaintiff reported he missed eight out of 20 classes for one of his classes, which met twice a

week. AR 57. The ALJ did not address whether Plaintiff's migraines would prevent him from maintaining a full-time work schedule. Therefore, on remand the Court recommends the ALJ reassess Plaintiff's subjective symptom testimony regarding his absences.

### IV. Whether the ALJ's Step Five findings were supported by substantial evidence.

Lastly, Plaintiff maintains the ALJ's RFC assessment was legally erroneous, and as such, the ALJ failed to meet his burden at Step Five of the sequential evaluation process. Dkt. 11, p. 12. The ALJ committed harmful error when he failed to properly consider the medical opinion evidence from Drs. Beaty and Clifford. *See* Section I, *supra*. Accordingly, the ALJ must reassess Plaintiff's RFC on remand. *See* SSR 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective"). As the ALJ must reassess Plaintiff's RFC, he must also re-evaluate the findings at Step Five to determine whether there are jobs existing in significant numbers in the national economy Plaintiff can perform in light of the RFC. *See Watson v. Astrue*, 2010 WL 4269545, at *5 (C.D. Cal. Oct. 22, 2010) (finding the RFC and hypothetical questions posed to the VE defective when the ALJ did not properly consider two physicians' findings).

### V. Whether the case should be remanded for an award of benefits.

Plaintiff argues this matter should be remanded with a direction to award benefits. *See* Dkt. 11, p. 2.

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations

omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

The Court has determined, on remand, the ALJ must re-evaluate this matter properly considering the medical opinion evidence regarding Plaintiff's moderate limitations at each step of the sequential evaluation process. Therefore, remand for further administrative proceedings is appropriate.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein. The Clerk is directed to enter judgment for Plaintiff and close the case.

Dated this 16th day of November, 2018.

David W. Christel
United States Magistrate Judge